# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| Dale Rodano, | Case No. 1:18cv2770 |
| Petitioner, | |
| -vs- | JUDGE PAMELA A. BARKER |
| | Magistrate Judge Thomas M. Parker |
| David Marquis, Warden, | |
| Respondent | MEMORANDUM OPINION AND ORDER |

This matter is before the Court upon the Report & Recommendation ("R&R") of Magistrate Judge Thomas M. Parker (Doc. No. 11), which recommends that the Petitioner's Motion to Stay (Doc. No. 6) be denied and that Ground Three of his Petition be dismissed. Petitioner has filed Objections to the R&R. (Doc. No. 12.) For the following reasons, Petitioner's Objections are overruled. The Court accepts in part and rejects in part the Report & Recommendation, as follows.

## I. Relevant Procedural History

### A. State Court Proceedings

On October 28, 2014, a Cuyahoga County Grand Jury indicted Rodano on: (1) two counts of aggravated arson in violation of Ohio Rev. Code § 2909.02(A)(2) (Counts 1 and 2); (2) two counts of aggravated arson in violation of Ohio Rev. Code § 2909.02(A)(1) (Counts 3 and 4); and (3) one count of insurance fraud in violation of Ohio Rev. Code § 2913.47(B)(1) (Count 5). S*ee State v. Rodano,* Cuyahoga Court of Common Pleas Case No. CR14-590106 (Indictment). Rodano pleaded not guilty.

On January 26, 2016, after a jury trial, Rodano was found guilty on three counts of aggravated arson and one count of insurance fraud. (Doc. No. 10-1, Exh. 12.) He was subsequently sentenced

to prison terms of six (6) years on each aggravated arson count and 36 months on the insurance fraud count, all to be served concurrently. (Doc. No. 10-1, Exh. 16.)

Rodano filed a timely notice of appeal to the Court of Appeals for the Eighth District of Ohio ("state appellate court"). He asserted the following three assignments of error in his merit brief:

> I. The prosecution erred in proceeding on the October 23, 2013 indictment because it was issued in violation of Rodano's Fifth Amendment right to be indicted by an independent and unbiased grand jury and because that violation prejudiced Appellant.
>
> II. The evidence is insufficient to support Appellant's conviction of aggravated arson in Count 1.
>
> III. The evidence is insufficient to support convictions of aggravated arson in Counts 2 and 3.

(Doc. No. 10-1, Exh. 18.) On March 23, 2017, the state appellate court affirmed Rodano's conviction and sentence. (Doc. No. 10-1, Exh. 21.) *See also State v. Rodano*, 86 N.E.3d 1032 (Ohio App. 8th Dist. March 23, 2017).

On May 3, 2017, Rodano filed a *pro se* Application to Reopen Appeal Pursuant to Ohio App. R. 26(B). (Doc. No. 10-1, Exh. 23.) Therein, he raised the following assignments of error:

> I. Rodano was denied effective assistance of counsel on appeal when appellate counsel failed to raise trial counsel's failure to move to dismiss the indictment after learning it was obtained through materially false evidence in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.
>
> II. Rodano was denied effective assistance of appellate counsel when counsel failed to raise a violation of the Confrontation Clause that was clear on the face of the record, in violation of the Sixth and Fourteenth Amendments to the United States Constitution.

(*Id.* at PageID#234, 239.) The state appellate court denied the application on October 17, 2017. (Doc. No. 10-1, Exh. 26.) On November 20, 2017, Rodano, proceeding *pro se*, appealed the decision to the

Supreme Court of Ohio. (Doc. No. 10-1, Exh. 27.) Rodano asserted the following Propositions of Law in his Memorandum in Support of Jurisdiction:

> I. When appellate counsel failed to raise trial counsel's failure to move to dismiss the indictment after trial counsel learned the indictment was obtained through different facts than those introduced to the grand jury, the conviction was obtained in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.
>
> II. When appellate counsel fails to raise a violation of the Confrontation Clause that is clear on the face of the record, in violation of the Sixth and Fourteenth Amendments to the United States Constitution, Rodano was denied effective assistance of counsel.

(Doc. No. 10-1, Exh. 28.) The Supreme Court of Ohio declined jurisdiction on February 14, 2018. (Doc. No. 10-1, Exh. 29.)

Thereafter, on August 6, 2018, Rodano, proceeding *pro se*, filed a Motion for New Trial Pursuant to Ohio Criminal Rule 33(A) and Motion for Leave to file Delayed Motion for New Trial Pursuant to Ohio Criminal Rule 33(B). (Doc. No. 10-1, Exhs. 31, 32.) Therein, he asserted the following grounds for relief:

> I. Rodano was denied his Sixth Amendment right to maintain his innocence as outlined in *McCoy v. Lousiana*, 138 S.Ct. 1500, 200 L.Ed. 821.
>
> II. Rodano was denied his Sixth Amendment right to testify on his own behalf as outlined in *McCoy v. Lousiana*, 138 S.Ct., 200 L.Ed.2d 821.

(Doc. No. 10-1, Exh. 31.) The state trial court denied both motions on October 22, 2018. (Doc. No. 10-1, Exh. 33.)

Rodano filed a timely notice of appeal to the state appellate court on November 7, 2018. (Doc. No. 10-1, Exh. 34.) In his merits brief, Rodano raised the following three assignments of error:

> I. Rodano was denied his Fifth, Sixth, and Fourteenth Amendment rights when the trial court abused its discretion by denying him leave to file a delayed motion for new trial without a hearing.

> II. Rodano was denied his Sixth Amendment right to maintain his innocence as outlined in *McCoy v. Louisiana*, 138 S.Ct. 1500.
>
> III. Rodano was denied his Sixth Amendment right to testify on his own behalf as outlined in *McCoy v. Lousiana*, 138 S.Ct. 1500.

(Doc. No. 10-1, Exh. 35.)

### B. Federal Habeas Proceedings

On November 27, 2018,[1] Rodano filed a *pro se* Petition for Writ of Habeas Corpus in this Court pursuant to 28 U.S.C. § 2254 and asserted the following grounds for relief:

> I. Rodano was denied his effective Sixth Amendment right to the effective assistance of appellate counsel when counsel failed to raise a clear claim of trial counsel error that appeared on the face of the record.
>
> II. Rodano was denied the effective assistance of appellate counsel when counsel failed to raise a violation of the Confrontation Clause that was clear on the face of the record, in violation of the Sixth and Fourteenth Amendments to the United States Constitution.
>
> III. Rodano was denied his Sixth Amendment right to maintain his innocence and testify on his own behalf as outlined in *McCoy v. Louisiana*, 138 S.Ct. 1500, 200 L.Ed.2d 821

(Doc. No. 1 at PageID#s 19-27.) Thereafter, on December 26, 2018, Rodano filed a Motion to Stay the instant habeas proceedings. (Doc. No. 6.) The basis for this Motion was that Ground Three of his federal habeas raised "newly discovered claims" based on the United States Supreme Court's 2018 decision in *McCoy v. Louisiana*, 138 S.Ct. 1500 (2018), that were then-pending on appeal before the state appellate court. (*Id*.)

---

[1] Under the mailbox rule, the filing date for a *pro se* petition is the date that a petitioner delivers it to prison authorities. *See Houston v. Lack*, 487 U.S. 266 (1988). While the Petition herein did not arrive at the Court for filing until November 30, 2018, Rodano states that he placed it in the prison mailing system on November 27, 2018. (Doc. No. 1 at PageID#15.) Thus, the Court will consider the Petition as filed on November 27, 2018.

4

In response, on April 16, 2019, Respondent filed a Motion to Dismiss on the grounds that Rodano's Petition constituted a "mixed" petition that contained both exhausted and unexhausted claims for relief. (Doc. No. 10.) Specifically, Respondent asserted that Ground Three of the Petition was unexhausted because it was raised in Rodano's Delayed Motion for New Trial, the denial of which was then-pending on appeal before the state appellate court. (*Id*. at p. 11.) Respondent conceded, however, that Grounds One and Two of the Petition were fully exhausted. (*Id.* at pp. 12-13.) Because Rodano's Petition contained both exhausted and unexhausted grounds for relief, Respondent argued the entire Petition should be dismissed without prejudice to allow Rodano the opportunity to exhaust Ground Three. (*Id*. at pp. 13-14)

On April 18, 2019, the Magistrate Judge issued an R&R recommending that Rodano's Motion to Stay be denied because Rodano had failed to show that Ground Three was not plainly meritless under *Rhines v. Weber*, 544 U.S. 269 (2005). (Doc. No. 11.) The Magistrate Judge went on to recommend that Ground Three be dismissed without prejudice "so that [Rodano] may proceed on the Ground One and Two claims in this case." (*Id*. at p. 10.) Rodano filed an Objection on May 3, 2019. (Doc. No. 12.) Respondent did not file a response.

Subsequently, on May 30, 2019, the state appellate court affirmed the state trial court's denial of Rodano's Delayed Motion for New Trial. *See State v. Rodano*, 2019 WL 2317172 (Ohio App. 8th Dist. May 30, 2019). A search of the Supreme Court of Ohio's online docket database indicates that Rodano did not appeal the state appellate court's decision.

## II. Standard of Review

Parties must file any objections to a Report & Recommendation within fourteen days of service. Fed. R. Civ. P. 72(b)(2). Failure to object within this time waives a party's right to appeal

5

the district court's judgment. *See Thomas v. Arn*, 474 U.S. 140, 145 (1985); *United States v. Walters*, 638 F.2d 947, 949-950 (6th Cir. 1981).

When a petitioner objects to the magistrate judge's Report and Recommendation, the district court reviews those objections *de novo*. Fed. R. Civ. P. 72(b)(3). A district judge:

> must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

*Id*. "A party who files objections to a magistrate [judge]'s report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court 'with the opportunity to consider the specific contentions of the parties and to correct any errors immediately.'" *Jones v. Moore*, 2006 WL 903199 at * 7 (N.D. Ohio April 7, 2006) (citing *Walters*, 638 F.2d at 949–50).

The Court conducts a *de novo* review of the portions of the Magistrate Judge's Report to which Petitioner has properly objected.

## III. Legal Standard regarding Exhaustion and Procedural Default

Petitioners must exhaust their state remedies prior to raising claims in federal habeas corpus proceedings. *See* 28 U.S.C. § 2254(b),(c). This requirement is satisfied "when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir.1990). *See also Stojetz v. Ishee,* 892 F.3d 175, 191 (6th Cir. 2018); *Thompson v. Gray*, 2019 WL 7500476 at * 6 (N.D. Ohio May 14, 2019).

In addition to the exhaustion requirement, federal courts will not consider the merits of claims that are procedurally defaulted, unless the petitioner demonstrates cause for the default and prejudice

6

resulting therefrom, or where failure to review the claim would result in a fundamental miscarriage of justice. *See Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006) (citing *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977)). A claim may become procedurally defaulted when a petitioner fails to raise and pursue that claim through the state's "ordinary appellate review procedures." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, it is procedurally defaulted. *Engle v. Isaac*, 456 U.S. 107, 125 n. 28 (1982); *see also Coleman v. Thompson*, 501 U.S. 722, 731–32, (1991); *Lovins v. Parker*, 712 F.3d 283, 295 (6th Cir. 2013) ("[A] claim is procedurally defaulted where the petitioner failed to exhaust state court remedies, and the remedies are no longer available at the time the federal petition is filed because of a state procedural rule.") This second type of procedural default is often confused with exhaustion. Exhaustion and procedural default, however, are distinct concepts. AEDPA's exhaustion requirement only "refers to remedies still available at the time of the federal petition." *Engle*, 456 U.S. at 125 n. 28. Where state court remedies are no longer available to a petitioner because he failed to use them within the required time period, procedural default and not exhaustion bars federal court review. *Id*.

**IV. Analysis**

In the instant case, the basis of Rodano's Motion to Stay (Doc. No. 6) is that Ground Three of his Petition raises "newly discovered claims" that were then-pending before the state appellate court. As noted above, in Ground Three, Rodano asserts that he was denied his Sixth Amendment right to maintain his innocence and testify on his own behalf under *McCoy v. Louisiana*, 138 S.Ct. 1500 (2018). (Doc. No. 1 at PageID#s 24-27.) Rodano seeks a stay of the instant habeas proceedings

to permit him to exhaust that claim, which was then-pending before the state appellate court on appeal from the trial court's denial of his Delayed Motion for Leave to file a Motion for New Trial.

However, on May 30, 2019, subsequent to the Magistrate Judge's issuance of the R&R and Rodano's Objection, the state appellate court affirmed the trial court's denial of his Delayed Motion for Leave to file a Motion for New Trial. *See State v. Rodano*, 2019 WL 2317172 (Ohio App. 8th Dist. May 30, 2019). A search of the Supreme Court of Ohio's online database indicates that Rodano did not appeal the state appellate court's decision.[2] Moreover, Rodano may not now seek leave to file a delayed appeal of this claim to the Ohio Supreme Court, as Ohio does not permit delayed appeals in post-conviction proceedings. *See Nesser v. Wolfe*, 370 Fed. Appx. 665, 670 (6th Cir. March 25, 2010) (holding that "Ohio does not permit delayed appeals in postconviction proceedings"); *Brown v. Clipper*, 2016 WL 5173331 at * 23 (N.D. Ohio Sept. 21, 2016). *See also* Ohio S. Ct. Prac. R. 7.01(A)(4)(c) ("The provision for delayed appeal does not apply to appeals involving postconviction relief . . . ").

Thus, because Rodano failed to appeal the state appellate court decision affirming the denial of his Delayed Motion for New Trial and he does not argue that any state court remedies remain to further pursue this claim,[3] Ground Three of Rodano's Petition is unexhausted and procedurally

---

[2] The state appellate court's decision was issued on May 30, 2019. Rodano had 45 days from the date of the decision to appeal to the Ohio Supreme Court, i.e., until Monday, July 15, 2019. *See* Ohio S.Ct. Prac. R. 7.01(A)(1). The record reflects Rodano failed to do so.

[3] Rodano has not argued that he is entitled to a stay of proceedings on the grounds that he has asserted, could assert, or plans to assert the claim set forth in Ground Three in a petition for post-conviction relief. Thus, the Court does not address that issue herein. The Court does note that the state court docket reflects Rodano filed a Petition for Post-Conviction Relief in the state trial court on July 16, 2019; however, that Petition does not raise the claim set forth in Ground Three of the instant habeas petition. *See State v. Rodano*. Cuyahoga County Court of Common Pleas Case No. CR14-590106 (docket sheet). Rather, Rodano's post-conviction petition raises a claim of ineffective assistance of trial counsel based on counsel's alleged failure to provide Rodano with a copy of a November 12, 2013 letter from Parma Fire Inspector

8

defaulted. For the following reasons, the Court finds that a stay would not be appropriate under the circumstances presented.

In *Rhines v. Weber*, 544 U.S. 269, 275 (2005), the Supreme Court determined that, in the case of a "mixed" petition containing both exhausted and unexhausted claims, a district court has the discretion to employ a "stay and abeyance" procedure:

> Under this procedure, rather than dismiss the mixed petition. . . a district court might stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims. Once the petitioner exhausts his state remedies, the district court will lift the stay and allow the petitioner to proceed in federal court.

*Id.* at 275-76. The Supreme Court cautioned, however, that "stay and abeyance should be available only in limited circumstances," because it "has the potential to undermine . . . AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings." *Id*. at 277. Accordingly, the Court determined that stay and abeyance is appropriate only where the petitioner can show: (1) good cause for his failure to exhaust; (2) that his unexhausted claims are not "plainly meritless;" and (3) that there is no indication that the petitioner engaged in "intentionally dilatory litigation tactics." *Id*. at 277-78; *see also Wagner v. Smith*, 581 F.3d 410, 419 (6th Cir. 2009). Generally, to show good cause for a failure to exhaust state remedies, a petitioner must show why he failed to use available state remedies timely and appropriately. *See, e.g., Jalowiec v. Bradshaw*, 657 F.3d 293 (6th Cir. 2011). Further, in *Rhines,* the Supreme Court opined that a stay should be entered if the unexhausted claim is "potentially meritorious." *Rhines,* 544 U.S. at 278.

---

Dwayne Fikar. Notably, Rodano does not raise an ineffective assistance of counsel claim based on the alleged withholding of the November 12, 2013 letter in the instant habeas petition.

9

Here, Rodano has failed to show that Ground Three of his Petition is "potentially meritorious." Both the state trial and appellate courts have rejected this claim on procedural grounds; Rodano failed to timely appeal to the Ohio Supreme Court; and the Ohio Supreme Court does not recognize delayed appeals in post-conviction proceedings. Moreover, Rodano has not argued that any other potential state court remedies exist for him to assert this claim. Under these circumstances, the Court declines to stay the instant habeas proceedings. *See, e.g., Toledo v. Banks*, 2010 WL 2620593, at *5 (S.D. Ohio June 25, 2010) ("Because his claims are likely barred from review in the Ohio Supreme Court, they are not potentially meritorious as that term is defined under *Rhines v. Weber, supra*, nor would a stay of proceedings be warranted for petitioner to pursue a motion that has little, if any, likelihood of success."), *report and recommendation adopted by* 2010 WL 3061514 (S.D. Ohio Aug. 2, 2010). *See also Williams v. Thaler*, 602 F.3d 291 (5th Cir. 2010) ("[W]hen a petitioner is 'procedurally barred from raising [his] claims in state court,' his 'unexhausted claims are 'plainly meritless.'"); *Nelms v. North Central Correctional Complex*, 2016 WL 6594611 at * 2 (S.D. Ohio Nov. 8, 2016) (same); *Scott v. Sheldon*, 2009 WL 2982866 at * 5 (N.D. Ohio Sept. 11, 2009) (same); *Carson v. Hudson*, 2008 WL 482864 at * 9 (S.D. Ohio Feb. 15, 2008) (same)

Accordingly, the Court accepts the Magistrate Judge's recommendation that Rodano's Motion to Stay (Doc. No. 6) be denied, albeit for different reasons than those articulated in the R&R.

However, the Court declines to dismiss Ground Three. Rather, the Court will permit Rodano to brief the issue of whether his procedural default of Ground Three may be excused for cause and prejudice, or a miscarriage of justice. *See Lundgren*, 440 F.3d at 763 ("A petitioner may avoid [a] procedural default only by showing that there was cause for the default and prejudice resulting from the default, or that a miscarriage of justice will result from enforcing the procedural default in the

petitioner's case."); *Poston v. Settles*, 2019 WL 6907189 at * 2 (6th Cir. Dec. 10, 2019) ("A procedural default may be excused if the petitioner shows cause and prejudice or a fundamental miscarriage of justice, which requires a colorable showing of actual innocence.") (citing *Coleman*, 501 U.S. at 750; *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).

Accordingly, the Court rejects the Magistrate Judge's recommendation that Ground Three of the Petition be dismissed. In addition, and for all the reasons set forth above, the Court denies Respondent's Motion to Dismiss (Doc. No. 10.)

## IV. Conclusion

For the foregoing reasons, Rodano's Objections are overruled. The R&R is ADOPTED IN PART and REJECTED IN PART, as follows. The Court adopts the R&R insofar as it recommends that Rodano's Motion to Stay (Doc. No. 6) be denied. However, the Court rejects the R&R insofar as it recommends that Ground Three of the Petition be dismissed. In addition, and for all the reasons set forth above, Respondent's Motion to Dismiss (Doc. No. 10) is denied.

**IT IS SO ORDERED.**

    *s/Pamela A. Barker*
    PAMELA A. BARKER
Date: March 2, 2020    U. S. DISTRICT JUDGE